704 So.2d 667 (1997)
Robert G. CORNETTE, Appellant/Cross-Appellee,
v.
Terry L. CORNETTE, n/k/a Terry L. Chandler, Appellee/Cross-Appellant.
No. 96-01531.
District Court of Appeal of Florida, Second District.
December 10, 1997.
Rehearing Denied January 16, 1998.
Edward M. Brennan of Levine, Levine, Hirsch & Segall, P.A., Tampa, for Appellant/Cross-Appellee.
Karol K. Williams, Allison M. Perry, and Joe M. Gonzalez, Tampa, for Appellee/Cross-Appellant.
PATTERSON, Judge.
Robert Cornette (the husband) appeals from the equitable distribution aspects of the amended final judgment dissolving his marriage to Terry Cornette (the wife). We reverse and remand for the trial court to reevaluate the parties' assets and formulate a new equitable distribution scheme.
In June 1994, the wife filed a petition to dissolve the marriage. The petition sought *668 an equitable distribution of the parties' assets and liabilities, but it did not allege any special equity in property. When the Cornettes wed in 1988, the husband owned a number of properties and assets. The wife owned little of value other than her interest in a company the parties established before they married, Cornette Trailer Sales, Inc., which constructed and sold horse trailers. Both parties worked during the marriage and the trial court found that they "contributed equally to the marriage." The Cornettes established a comfortable standard of living, which the trial court attributed to "their mutual efforts with respect to the development of various business enterprises." In the course of operating those businesses, income from all sources, marital and non marital, was deposited into a single account, from which all expenses were paid.
Assets relevant to this appeal include three properties, located at 8801, 8809, and 8811 Gunn Highway, which the husband purchased prior to the marriage. These properties are titled in his name alone. Also at issue is the Cornette Trailer property located at 1023 Gunn Highway, which the parties purchased during the marriage. At the time of the final hearing, the 1023 Gunn Highway property was valued at $385,000 against a mortgage balance of $280,000.
The parties continued to operate Cornette Trailer after they were married. In 1992 or 1993, they made a shareholder loan to the company. In March 1993, the Cornettes sold the business to the Kromers, who continued to operate it at 1023 Gunn Highway. The Kromers gave the Cornettes a promissory note for the purchase of the business's assets and a promissory note for a noncompete agreement. They also paid rent on 1023 Gunn Highway. However, by the time of the final hearing, the Kromers had filed bankruptcy and had stopped making any payments to the Cornettes.
At trial, the wife's accountant assigned values to the Kromer notes based strictly on the remaining balances. However, given the Kromers' bankruptcy, he acknowledged that he did not know their true values. At the time of the final hearing, the corporation Cornette Trailer was no longer doing business. During trial, the parties stipulated that the wife would sell her interest in 1023 Gunn Highway to the husband for a $20,000 cash payment.
In its amended final judgment, the trial court assigned to the wife marital assets and liabilities with a stated net value of $286,250; the stated net value of the husband's share was $217,298. Attached to the amended final judgment is a chart reflecting the division of assets and liabilities. The trial court classified the 8811 Gunn Highway property as a marital asset and awarded it to the wife. The husband's share of assets included the 1023 Gunn Highway property, along with the Kromer promissory notes and the Cornette Trailer loan receivable. The husband appealed from the amended final judgment and challenges the classification, valuation, and distribution of assets as reflected in the trial court's equitable distribution chart.
First, we address the marital enhancement of nonmarital assets. The trial court erred by classifying the 8811 Gunn Highway property as a marital asset and awarding it to the wife. The husband purchased the property before the marriage, and it was titled in his name alone. The marital funds used to pay down the mortgage on the property, however, enhanced the value of the nonmarital asset; thus, the result ing equity in the property is a marital asset subject to equitable distribution. See § 61.075(5)(a)2., Fla. Stat. (1993); Cole v. Roberts, 661 So.2d 370 (Fla. 4th DCA 1995); Straley v. Frank, 612 So.2d 610 (Fla. 2d DCA 1992). The accountant testified that the marital estate had acquired $149,122 in equity in 8811 Gunn Highway. Also, as the husband candidly admits, the trial court erred in his favor by failing to credit the marital estate for the equity it acquired in his nonmarital property at 8001 Gunn Highway ($41,445) and 8809 Gunn Highway ($30,574). Thus, on remand the trial court must treat 8811 Gunn Highway as a nonmarital asset and reflect the marital enhancements of nonmarital properties as marital assets subject to distribution.
With respect to the valuation of marital assets, we note at the outset that a proper valuation of assets is essential to enable a trial court to make an equitable distribution *669 of the marital estate. See Cole, 661 So.2d 370. Here, several assets were improperly valued, while other items appear to have been inadvertently omitted from the trial court's equitable distribution chart. First, the trial court had ordered the husband to make a payment of $9,600 to the wife, but the chart does not reflect that amount as an asset of the wife or a liability of the husband.
Next, the chart reflects a net value of $105,000 for the 1023 Gunn Highway property. As the husband argues, however, the equity was on paper only because the property was in foreclosure, and the tenants had filed bankruptcy and were no longer paying rent. The parties agreed that the husband would buy the wife's interest for $20,000. Thus, for equitable distribution purposes, the property should have a net value of $40,000. The trial court reflected the $20,000 payment to the wife in her asset column, but neglected to show the corresponding $20,000 payment in the husband's liability column.
In addition, the trial court allocated as assets to the husband two promissory notes given by the Kromers for their purchase of Cornette Trailer. The chart shows a value of $192,897 for these notes receivable. The trial court also awarded the husband a loan receivable valued at $59,951 for a shareholder loan from Cornette Trailer. Again, these valuations are suspect because the Kromers had stopped making payments on the notes, and Cornette Trailer was no longer in business. The wife's accountant admitted that, due to the Kromers' bankruptcy, he did not know the true value of their notes.
Thus, we reverse the trial court's equitable distribution and remand for an evidentiary hearing and for the trial court to equitably distribute the assets based on their true values. Should the trial court make an uneven distribution, the court's judgment must set forth its reasoning in this respect. See Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996).
Reversed and remanded.
PARKER, C.J., and BLUE, J., concur.