795 So.2d 1023 (2001)
Helen Ann PERRIN, Appellant,
v.
George S. PERRIN, Appellee.
No. 2D00-224.
District Court of Appeal of Florida, Second District.
September 7, 2001.
Lawrence J. Marraffino of Lawrence J. Marraffino, P.A., Gainesville, for Appellant.
Anthony A. Accorsi, Sebring, for Appellee.
GREEN, Judge.
The wife, Helen Ann Perrin, appeals the trial court's final judgment of dissolution of marriage dissolving her second marriage to George S. Perrin, the husband. We reverse the portion of the final judgment awarding the proceeds from the sale of the Royal Marco Point condominium to the husband. We also reverse and remand for *1024 the trial court to make the requisite factual findings which justify the denial of the wife's request for alimony and attorney's fees.
The parties were first married in 1976. The marriage ended in divorce in 1983. The parties remarried in June of 1994. Upon remarriage, the wife moved into the husband's home described as the Inlet Drive property.
The parties purchased a business in 1995 called Nature's Garden. The mortgage payments on the Inlet Drive property were paid from Nature's Garden's bank account until July of 1997, when the Inlet Drive property was sold. Immediately upon selling the Inlet Drive property, the husband purchased the Royal Marco Point condominium in his name. The parties resided together at the Royal Marco Point condominium until their separation. During this time, the mortgage on the condominium was being paid from Nature's Garden's bank account. The condominium was sold after the parties separated, and the proceeds from the sale were placed in escrow.
After receiving evidence, the court issued its final judgment ruling that the business was a marital asset and that the sale proceeds from the Royal Marco Point condominium were the sole nonmarital property of the husband. The court denied the wife's request for alimony and attorney's fees but did not make any findings as to the age, mental or health conditions of the parties, the duration of the marriage, or their respective financial situations.
First, we address the trial court's finding that the proceeds from the sale of the Royal Marco Point condominium were the sole nonmarital assets of the husband. The mortgage payments on the Inlet Drive property were paid from the business's bank account from January of 1995 until the property was sold in July of 1997. The business was found to be a marital asset. After the Inlet Drive property was sold, the Royal Marco Point condominium was purchased, and from July of 1997 to July of 1999, the mortgage payments on the condominium were paid out of the business account. In Cornette v. Cornette, 704 So.2d 667, 668 (Fla. 2d DCA 1998), we held that "marital funds used to pay down the mortgage on the property ... enhanced the value of the nonmarital asset; thus, the resulting equity in the property is a marital asset subject to equitable distribution."
The husband argues that he placed his individual, nonmarital assets into the business and therefore the sums he expended on mortgage payments were merely a return of capital. In Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000), we explained that once nonmarital funds are commingled with marital funds and used for joint expenses they lose their separate character and become untraceable. Although the husband may have used some nonmarital funds to continue running the business, the profits of which paid the mortgage, the business was found to be a marital asset; therefore, any funds he placed in the business became untraceable. We remand for the trial court to determine the portion of the mortgage payment paid with funds from the business (excluding interest, taxes, and insurance) and to award one-half of that amount to the wife.
The wife also contends that the trial court erred in denying her request for alimony and attorney's fees without making any findings of fact. A trial court is required to include the relative findings of fact that were considered in awarding or denying alimony. See Staton v. Staton, 710 So.2d 744 (Fla. 2d DCA 1998). Likewise, a trial court cannot decide the issue of attorney's fees without findings as to one spouse's ability to pay fees and the other spouse's need to have fees paid. See *1025 Schlafke v. Schlafke, 755 So.2d 706 (Fla. 4th DCA 1999). Accordingly, we remand these issues to allow the trial court to make factual findings which support its denial of the wife's request for alimony and attorney's fees.
REVERSED and REMANDED.
WHATLEY, A.C.J., and SILBERMAN, J., Concur.