971 So.2d 1040 (2008)
Horace M. WHITTLESEY, Jr., Appellant,
v.
Estelle M. WHITTLESEY, n/k/a Estelle Mirande, Appellee.
No. 2D06-5220.
District Court of Appeal of Florida, Second District.
January 16, 2008.
Lorena L. Kiely of Law Office of Lorena L. Kiely, Tampa, for Appellant.
Jeanie E. Hanna of Ware Law Group, P.A., Tampa, for Appellee.
DAVIS, Judge.
In this action for attorney's fees arising out of dissolution of marriage proceedings, Horace M. Whittlesey, Jr. (the Husband), challenges the trial court's order granting the motion of Estelle M. Whittlesey, n/k/a Estelle Mirande (the Wife), requesting $82,752.28 in attorney's fees and costs. The Wife concedes that reversal is required.
After the trial court entered a final judgment of dissolution of marriage, the Wife appealed, raising several issues regarding the equitable distribution and alimony awards. In Whittlesey v. Whittlesey, *1042 954 So.2d 1231 (Fla. 2d DCA 2007), this court reversed and remanded based on the determination that the trial court had used the wrong cutoff date for valuing the parties' assets. However, in awarding the Wife $82,752.28 in attorney's fees, the trial court had premised its determination of entitlement on the Wife's need and the Husband's ability to pay those fees under the original equitable distribution scheme, which this court has now reversed. Because the trial court's determination of entitlement to fees was based on the now reversed equitable distribution scheme, the trial court's determination of entitlement to fees must also be reversed. Accordingly, we reverse and remand with directions to the trial court to reconsider the issue of entitlement to attorney's fees in light of the equitable distribution scheme established on remand from Whittlesey, 954 So.2d 1231.
Although the Husband contends that the trial court's findings as to the reasonableness and necessity of the fees should also be reversed, we disagree. Our opinion in Whittlesey did not implicate the trial court's findings as to the reasonableness and necessity of the fees accrued prior to September 18, 2006; only the entitlement to those fees was affected. We decline to address the reasonableness and necessity of the fees.
The Husband also claims that the trial court improperly failed to reduce the attorney's fee award by amounts that he previously paid. In light of our decision to reverse the attorney fee award, this issue is moot. However, the Husband may raise this issue on remand when the trial court reconsiders the issue of entitlement to fees.
Finally, the Husband argues that the trial court erred in requiring him to pay the attorney's fee award within twenty days of the date of the decision. This issue is moot as well given our decision to vacate the fees awarded and remand for reconsideration of the issue of entitlement to fees.
Reversed and remanded.
ALTENBERND and STRINGER, JJ., Concur.