981 So.2d 1254 (2008)
Wynona Gale DWYER, Appellant/Cross-Appellee,
v.
William John DWYER, Appellee/Cross-Appellant.
No. 2D06-3724.
District Court of Appeal of Florida, Second District.
May 21, 2008.
K. Dean Kantaras, Palm Harbor, for Appellant/Cross-Appellee.
Gary A. Urso, New Port Richey, for Appellee/Cross-Appellant.
SILBERMAN, Judge.
Wynona Gale Dwyer (the Wife) appeals an amended final judgment dissolving her marriage to William John Dwyer (the Husband). She argues that the trial court erred in its equitable distribution of the marital assets and liabilities by not awarding her one-half of the increased value in the Husband's nonmarital, commercial property. She also argues that the trial court erred in denying her request for attorney's fees. The Husband cross-appeals and argues that the trial court erred in awarding the Wife one-half the value of the marital home, in failing to award him a special equity in the home, and in failing to credit him for certain mortgage payments. He also claims that the court failed to adequately consider the applicable statutory factors in fashioning its equitable distribution.
We reverse the amended final judgment as to the equitable distribution scheme and remand for reconsideration because the trial court did not properly account for the use of marital funds to satisfy the mortgage on the Husband's nonmarital, commercial property. On remand, the trial court must refashion its equitable distribution of assets and liabilities and make appropriate findings based on the evidence and the applicable law. The trial court must also address the Husband's claims for a special equity and credit for mortgage payments. Finally, we reverse the denial of the Wife's request for attorney's fees. In all other respects, we affirm.

The Marital Home and The Husband's Commercial Property
Following an evidentiary hearing, the trial court found that soon after the parties married, the Husband executed a quitclaim deed that added the Wife to the title for the marital home. The court concluded that the home became a marital asset subject *1256 to equitable distribution and that the Wife had a one-half interest in the home.[1]
The trial court also found that certain commercial property was the Husband's nonmarital asset and was not subject to equitable distribution. The court noted that the property had been encumbered by a mortgage and that shortly after the parties' marriage, the Husband wanted to pay off the mortgage by refinancing the marital home. However, because the Husband had bad credit, he could not refinance the home. The court found that the Wife had good credit and that the parties took steps to allow the Wife to refinance the home with a mortgage loan in her own name. A portion of the refinancing proceeds, $112,000, was used to pay off the mortgage on the Husband's commercial property.
The trial court rejected the Wife's claim for a credit of $56,000, which is one half of the amount of marital funds used to pay off the mortgage on the commercial property. The court stated that there was no competent evidence as to whether the payoff of the mortgage enhanced that asset's value and that "the Wife was fully aware at the time of the payoff on the commercial property the purpose and the benefit to both of the parties in doing this," and "[t]herefore, her contribution was a gift."
On appeal, the Wife challenges the trial court's failure to award her a credit of $56,000 as part of the equitable distribution. The Husband counters that the trial court erred by not granting him an unequal distribution or a special equity in the home because he had been tricked or defrauded into adding the Wife to the title of the home and allowing her to refinance the home.
As to the Wife's argument, we conclude that the equitable distribution must be reversed because the trial court did not properly account for the fact that marital funds were used to pay off the mortgage on the Husband's nonmarital, commercial property. In Cornette v. Cornette, 704 So.2d 667, 668 (Fla. 2d DCA 1997), this court held that "[t]he marital funds used to pay down the mortgage on the property, however, enhanced the value of the nonmarital asset; thus, the resulting equity in the property is a marital asset subject to equitable distribution." See also Perrin v. Perrin, 795 So.2d 1023, 1024 (Fla. 2d DCA 2001) (quoting Cornette).
Here, the evidence supports the trial court's findings that the commercial property was the Husband's nonmarital property and that the Wife's contribution of loan proceeds resulting from the refinancing of the marital home was a "gift." However, the court's conclusion that the Wife was not entitled to a credit as part of the equitable distribution is not supported by the applicable law. Interspousal gifts during a marriage are marital assets subject to equitable distribution. § 61.075(1), (5)(a)(3), Fla. Stat. (2004). In determining the equitable distribution of marital assets and liabilities, section 61.075(1)(g) directs the trial court to consider "[t]he contribution of each spouse to the acquisition, enhancement, and production of income or the improvement of, or the incurring of liabilities to, both marital assets and the nonmarital assets of the parties."
The payoff of the mortgage on the Husband's nonmarital, commercial property with marital funds obtained by refinancing the marital home enhanced the equity value of the property. As such, the trial *1257 court erred by not accounting for the increased equity as a marital asset subject to equitable distribution. Therefore, we reverse and remand for the trial court to reconsider the equitable distribution scheme after taking into account the enhancement of the Husband's property through the use of marital funds.
As to the Husband's argument that he was tricked or that a fraud was perpetrated in connection with refinancing the marital home or in adding the Wife to the title for the home, we conclude that the trial court's factual findings and conclusions are supported by the evidence. We affirm the trial court's order as to the issues raised in the cross-appeal.

Other Equitable Distribution Issues
The Husband argues that he should have been awarded an unequal distribution or a special equity in the marital home and that the trial court failed to follow the requirements of section 61.075(1), Florida Statutes (2004), in equitably distributing the parties' assets and liabilities. Section 61.075(1) states that
the court shall set apart to each spouse that spouse's non-marital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is justification for an unequal distribution based upon all relevant factors.
The statute identifies various factors for the court to consider as justification for an unequal distribution. Further, section 61.075(3) states the following:
In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
(d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale of the distribution of marital assets and allocation of liabilities.
(Emphasis added.) See Guida v. Guida, 870 So.2d 222, 224 (Fla. 2d DCA 2004).
The only marital assets and liabilities that were presented to the trial court for distribution were the marital home and the mortgage on the marital home.[2] The court found that the home was marital property subject to equitable distribution, that there was equity in the home, and that the mortgage was a marital debt. The court also found that the Husband had been living in the home and paying the mortgage for twenty-two months prior to the final hearing. The court ordered the sale of the home and directed the Husband to continue paying the mortgage until the sale. After the sale of the home, the net sale proceeds would be divided equally.
*1258 The Husband contends that the trial court erred by ordering that the net proceeds from the sale of the home be divided equally without giving him credit for past mortgage payments or those that he would have to make until the home sold. He argues that this effectively results in an unequal distribution and that the trial court did not take into account the factors set out in section 61.075(1) to justify an unequal distribution. He asserts that had the court taken those factors into account, the court would have granted an unequal distribution in his favor. He also asserts that the court should have granted him a special equity in the home.
Because the equitable distribution scheme has to be revisited on remand to address the use of marital funds to pay off the mortgage on the Husband's commercial property, the trial court must again consider the parties' assets and liabilities and the Husband's claims for credit for the mortgage payments and for a special equity. On remand, the trial court must make appropriate findings as to its rationale for the new equitable distribution scheme and its disposition of the Husband's claims.

Attorney's Fees
In considering a request for attorney's fees, the trial court must consider the parties' relative financial positions, including need and ability to pay. § 61.16(1), Fla. Stat. (2004); Perrin v. Perrin, 795 So.2d 1023, 1024 (Fla. 2d DCA 2001). Concerning the Wife's request for attorney's fees, the trial court found that she established her need for an award of fees. However, the court concluded that "[t]he Husband does not have the ability to both comply with this Court's order particularly regarding the continued payment of the mortgage, and to pay attorneys fees. Therefore, there is no entitlement to attorney fees by the Wife."
The Wife argues that the trial court erred by not awarding her attorney's fees because the value of the Husband's assets and his income was greater than the value of her assets and income. The Husband disagrees and argues that the Wife is in the better financial position. Because the trial court must revisit the equitable distribution award, the parties' relative financial circumstances may change. Therefore, we reverse the trial court's denial of the Wife's request for attorney's fees and remand for reconsideration. See Whittlesey v. Whittlesey, 971 So.2d 1040, 1041 (Fla. 2d DCA 2008) (reversing the trial court's decision as to entitlement to attorney's fees and remanding the issue for reconsideration because the equitable distribution scheme had been reversed in an earlier appeal and the fee issue had to be reconsidered in light of the new equitable distribution scheme).

Conclusion
In summary, we reverse the amended final judgment as to the equitable distribution award and the trial court's failure to award the Wife her interest in the enhanced equity value of the Husband's commercial property based on the use of marital funds to satisfy the mortgage on that property. On remand, the trial court must reconsider the equitable distribution of the parties' assets and liabilities in light of the evidence that has been presented and the factors contained in section 61.075, and it must address the Husband's claims for credit due to mortgage payments and a special equity. We reverse the denial of the Wife's motion for attorney's fees and remand for reconsideration after the trial court equitably distributes the parties' assets and liabilities. We affirm the remaining portions of the amended final judgment.
*1259 Affirmed in part, reversed in part, and remanded.
FULMER, J., and WILLIAMS, CHARLES E., Associate Judge, Concur.
NOTES
[1] The trial court granted the Wife's request for partition of the home, and the parties indicate that the home has been sold. On remand, the funds realized from the sale of the marital home will need to be accounted for as part of the equitable distribution of the marital assets and liabilities.
[2] The record reflects that the parties had other assets and liabilities that they had divided. The parties confirmed to the trial court that it did not need to address those items, and the parties do not assert any error in the amended final judgment relating to those items.