NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIDGETT BETTS,                     )
                                    )
          Appellant,                )
                                    )
v.                                  )      Case No. 2D16-3090
                                    )
RICKY BETTS,                        )
                                    )
          Appellee.                 )
                                    )
_____     )

Opinion filed October 13, 2017.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

Mark A. Neumaier, Tampa, for Appellant.

Catherine W. Real and Michael J. Rozum of
Catherine W. Real, P.A., Tampa (withdrew
after briefing), for Appellee.

Ricky Betts, pro se.

BLACK, Judge.

          Bridgett Betts (the former wife) challenges the final judgment of dissolution

of marriage, raising several issues on appeal.  We find merit in the former wife's

contention that the trial court erred in awarding a dollar-for-dollar equitable credit to

Ricky Betts (the former husband) for the contributions he made to the mortgage

encumbering the former wife's premarital duplex.  We therefore reverse the equitable distribution portion of the final judgment and remand for further proceedings.[1]

"[W]hen marital assets are used during the marriage to reduce the mortgage on [nonmarital] property, the increase in equity is a marital asset subject to equitable distribution."  Somasca v. Somasca, 171 So. 3d 780, 783 (Fla. 2d DCA 2015) (quoting Ballard v. Ballard, 158 So. 3d 641, 643 (Fla. 1st DCA 2014)).  It was undisputed that the former husband contributed $350 per month toward the mortgage on the former wife's premarital duplex from the date the parties were married in November 2004 until the date the former wife's side of the duplex burned down in November 2006.  The trial court therefore determined that the former husband was entitled to a dollar-for-dollar credit for the payments he made during this twenty-four-month period.  This was error.  The credit awarded must instead be based upon "the amount by which the use of marital funds to pay down the mortgage reduced the *indebtedness* on the [property]."  Somasca, 171 So. 3d at 783 (emphasis added); see also Abdnour v. Abdnour, 19 So. 3d 357, 362 (Fla. 2d DCA 2009) ("The trial court . . . correctly found that marital assets had been used to reduce the outstanding balance (the paydown) on the home's mortgage and that the paydown of the mortgage was a marital asset subject to equitable distribution."); Cole v. Roberts, 661 So. 2d 370, 372 (Fla. 4th DCA 1995) ("[T]he trial court should debit the distribution of assets to the husband in the amount of one-half of the marital funds contributed towards reducing the

---

[1]We note that the trial court also made a mathematical error when it calculated the credit awarded to the former husband for his mortgage contributions. Our reversal renders this error moot.  The remaining issues raised on appeal lack merit and warrant no further comment.

mortgage debt on the condominium.").  Here there was no evidence presented demonstrating the extent to which the former husband's payments reduced the outstanding balance on the duplex's mortgage.  In fact, in denying the former wife's motion for rehearing as to this issue, the trial court stated that "[n]either party presented any evidence or argument regarding the increase . . . in equity in the [former wife's] property upon which the Court could make any such finding."[2]

Because the trial court erred in calculating the equitable credit awarded to the former husband for the contributions he made to the mortgage encumbering the former wife's duplex, we reverse the equitable distribution.  On remand, the trial court shall recalculate the equitable distribution in accordance with this opinion.  The trial court may readdress any portion of the equitable distribution or related alimony calculations as necessary.

Affirmed in part; reversed in part; remanded with instructions.

KHOUZAM and SLEET, JJ., Concur.

---

[2]Even had the former husband been able to establish that his contributions enhanced the duplex's equity value, we question whether he would have been entitled to a credit for those payments.  The former wife's half of the duplex was considered a total loss due to the fire, and the former wife received a pay out from the insurance company accordingly.  The insurance proceeds were expended by the parties before the dissolution proceeding was initiated.