# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CONSTANCE KERRIGAN,

Appellant,

v.

DEBORAH KERRIGAN PAGE, as personal representative of
the Estate of John Edward Kerrigan, deceased,

Appellee.

No. 2D2023-2186

_____

December 27, 2024

Appeal from the Circuit Court for Pasco County; Brian Gnage, Judge.

Allison M. Perry of Florida Appeals, P.A., Tampa; and Russell G. Marlowe of Russell G. Marlowe, P.A., New Port Richey, for Appellant.

Brooke Elvington, Dunedin, for Appellee.

NORTHCUTT, Judge.

Constance Kerrigan appeals the final judgment dissolving her marriage to John Edward Kerrigan, raising three issues.[1]  We affirm as to two of her complaints without comment.  But we agree with her remaining assertion that the trial court erred by failing to distribute her

_____

[1] Mr. Kerrigan passed away just days before the final judgment was entered.  The personal representative of his estate, Deborah Kerrigan Page, has been substituted as the appellee.

rightful share of the paydown of a mortgage on Mr. Kerrigan's nonmarital property.

During the Kerrigans' marriage, they lived in Mr. Kerrigan's premarital home, which the parties refer to as the "Bentcross" property. At some point they obtained a $1 million loan secured by a mortgage on the Bentcross home. The evidence at the final hearing reflected that the principal balance of the mortgage debt had been paid down with $355,674 in marital funds.

Under section 61.075(6)(a)(1)(c), Florida Statutes (2022), the reduction in the principal balance of a note and mortgage secured by nonmarital real property is a marital asset "if the note and mortgage secured by the property are paid down from marital funds during the marriage." Thus, Ms. Kerrigan was entitled to one-half that sum as part of her equitable distribution. *See Somasca v. Somasca*, 171 So. 3d 780, 783 (Fla. 2d DCA 2015) (noting "the general rule that '[w]hen marital assets are used during the marriage to reduce the mortgage on non-marital property, the increase in equity is a marital asset subject to equitable distribution' " (alteration in original) (quoting *Ballard v. Ballard*, 158 So. 3d 641, 643 (Fla. 1st DCA 2014))); *see also Frederick v. Frederick*, 257 So. 3d 1105, 1110-11 (Fla. 2d DCA 2018) (applying and reaffirming the reasoning in *Somasca*, 171 So. 3d at 781-83).

We reverse the final judgment insofar as it fails to include in the equitable distribution scheme the marital paydown of the Bentcross mortgage, and we direct the trial court to reconfigure the distribution to include that asset. We affirm in all other respects.

Affirmed in part, reversed in part, and remanded for entry of an amended final judgment consistent with this opinion.

2

SILBERMAN and MORRIS, JJ., Concur.

———————————————

Opinion subject to revision prior publication.