577 So.2d 719 (1991)
Linda May YATES, Appellant/Cross-Appellee,
v.
Bobby Wayne YATES, Appellee/Cross-Appellant.
No. 90-02369.
District Court of Appeal of Florida, Second District.
April 12, 1991.
*720 Beth M. Kaler and William T. Haverfield of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers, for appellant/cross-appellee.
Kinley I. Engvalson of Duncan, Engvalson & Mitchell, Fort Myers, for appellee/cross-appellant.
FRANK, Acting Chief Judge.
The wife has appealed from a final judgment of dissolution of marriage, modified by an order on rehearing, asserting five grounds in support of reversal. We reverse the judgment on several of the points urged by the wife and remand for further proceedings consistent with this opinion. The husband has cross-appealed one aspect of the judgment, i.e., his participation in satisfying the obligation remaining on the wife's automobile. We find the cross-appeal meritless and affirm that aspect of the judgment but with the caveat that if the matter raised in the cross-appeal affects the trial court's overall reassessment of the equitable distribution of assets and liabilities, our affirmance of the cross-appeal is without prejudice to that matter being considered by the trial court.
The marriage endured for four years. When the wife married the former husband in 1985, she owned a fully paid for home, its contents, a car which she was paying for monthly, and a small bank account. She had two children and was employed, as she had been throughout her adult life, as a secretary. The husband, by contrast, entered the marriage with only his personal belongings and a 1975 motorcycle upon which he owed money. He had credit card debts and an unstable employment history. During the marriage he was twice discharged by different employers.
Shortly after their marriage the parties embarked upon a spending spree and the acquisition of ever-increasing indebtedness. We are left with the impression that the wife succumbed to the husband's spendthrift indifference to indebtedness. The wife's once unencumbered home became burdened with a $20,000 equity line loan and eventually a first mortgage. With the $20,000, they installed a swimming pool  approximate cost, $15,000  and paid off $1,100 of the husband's premarital credit card debts. They traded the former wife's car for one new car, and then another. The husband purchased a new motorcycle and a truck, paid for from the home equity credit line. They bought a used motor home for $14,000  paid for with the home equity credit, and then traded it for a new motor home costing $48,000. When both parties lost their jobs, they sold the motor home and received $9,400 in proceeds, of which the husband was awarded $3,000 by the trial court.
It is not remarkable that after four years of this kind of life-style, the wife awakened to the bleak financial picture stemming from the marriage. She did not attempt, however, to persuade the trial court that she was entirely without blame for the financial quagmire into which she had waded. Nevertheless, in determining the equitable distribution of marital assets and liabilities, an element to be considered is the contribution of each spouse to the incurring of liabilities. § 61.075(1)(g), Fla. Stat. (1989). We cannot, however, determine from the record whether the trial court weighed the contributing roles of the parties in the creation of the debts. Nevertheless, we are able readily to conclude that the trial court committed an abuse of discretion in the scheme fashioned for the husband's repayment to the wife of his share of the indebtedness. Although the wife was allowed to keep the home, inasmuch as this was her sole premarital property, she was also burdened with the mortgage, as well as the lien upon her own automobile. The award of the truck, which was unencumbered, to the husband, having been paid for from the funds derived from the home equity line of credit, is plainly inequitable.
Even more unjust, however, is the fact that the husband was ordered to pay to the wife $12,230.84 of the marital debts at a rate of $150.00 per month covering *721 both principal and interest. It will take an unreasonably long period for that debt to be repaid. Furthermore, the trial court ordered that the husband's obligation to pay that debt would terminate when the wife sold the home. The trial court's reasoning in this regard is wholly inexplicable. The fact that she might choose to sell the house, which was hers before she married, bears no relationship to the husband's obligation to repay his portion of the debts incurred during the marriage. In fact, it is entirely possible that the wife may need to sell her home to meet the financial obligations arising from the marriage. In that event, under the trial court's present disposition, the husband would be released from his obligation, further unbalancing the distribution. This is one of those instances in which it can be truly said that "no reasonable man would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980) (quoting Delno v. Market Street Railway Co., 124 F.2d 965, 967 (9th Cir.1942)).
Finally, we note that the order on rehearing gave the husband a credit for $2,527.60 in support payments. The original final judgment did not contain such a credit, nor did the letter from the court to the parties explaining his ruling on rehearing. We strike the credit.
The final judgment of dissolution and the order on rehearing are reversed and vacated. This matter is remanded with direction that the trial court equitably distribute the marital assets and liabilities.
THREADGILL and PATTERSON, JJ., concur.