PER CURIAM.
Sheila Trusheim appeals the final judgment of dissolution of her marriage to John Trusheim. She contends that the trial court erred by awarding her an inadequate amount of rehabilitative alimony, by failing to award her reimbursement for certain medical and dental expenses incurred by the children, and by failing to assign to the husband responsibility for certain marital liabilities.[1] We agree with her latter contention and remand for further proceedings.
Section 61.075(1), Florida Statutes (1991), requires that the trial court equitably distribute marital liabilities as well as marital assets. In this case, although the trial court ordered that the husband be responsible for two specific outstanding judgments against *687 the parties, it failed to make a finding with regard to the outstanding deficiency judgment in favor of Citizens and Southern Commercial Corporation incurred as a result of a mortgage foreclosure proceeding on the marital home. In determining responsibility for this liability on remand, the trial court must consider the contribution of each spouse to the incurring of the liability. Yates v. Yates, 577 So.2d 719 (Fla. 2d DCA 1991); § 61.075(l)(g). If it determines that the wife should be equitably responsible for a portion of the debt, then it shall have the authority, notwithstanding our affirmance of the alimony award, to make an upward adjustment in spousal support in order to do justice and equity to her. See Lorman v. Lorman, 633 So.2d 106 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part, and remanded for further proceedings.
DANAHY, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.

. One of the liabilities at issue was to the Internal Revenue Service. At oral argument, the parties conceded that the husband has since satisfied this liability. Thus, this issue is moot.