920 So.2d 827 (2006)
Sandra HOLITZNER, Appellant,
v.
Thomas HOLITZNER, Appellee.
No. 4D05-440.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
*828 Rosemarie W. Guerini of Robin Roshkind, P.A., West Palm Beach, for appellant.
Susan G. Chopin of Chopin & Chopin, LLP, West Palm Beach, for appellee.
IMPERATO, CYNTHIA, Associate Judge.
We affirm and remand for findings in accordance with this opinion. It appears the trial court, pursuant to section 61.075, Florida Statutes, sought to divide the marital assets equally and allow the wife to live in the marital home until the children were emancipated. However, it is unclear how the proceeds from the marital home were to be distributed once the home is sold, and if the former wife is entitled to reimbursement as a co-tenant for all expenses relating to the home that she incurs during the period of exclusive possession.
Section 61.077, Florida Statutes, provides, in relevant part,
A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties' settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale.
§ 61.077, Fla. Stat. (2005).
Therefore, we remand to the trial court to address the issue of whether the wife is entitled to any credits or set-offs upon the sale of the marital home.
GROSS and MAY, JJ., concur.