940 So.2d 615 (2006)
Hannya SILVERMAN, Appellant,
v.
Jeff SILVERMAN, Appellee.
No. 2D06-408.
District Court of Appeal of Florida, Second District.
November 3, 2006.
William J. Thompson and Eduardo J. Mejias of Thompson Law Firm, P.A., Bonita Springs, for Appellant.
*616 Lisa P. Kirby of Lisa P. Kirby, P.A., Naples, for Appellee.
SILBERMAN, Judge.
Hannya Silverman (the Former Wife) appeals a final judgment of dissolution of marriage and challenges portions of the equitable distribution award, the child support award, and the denial of her request to require Jeff Silverman (the Former Husband) to pay her attorney's fees. Because of errors in the equitable distribution award, we reverse the financial aspects of the final judgment and remand for reconsideration by the trial court. Apart from the financial provisions of the final judgment that are addressed in this opinion, the final judgment is affirmed.
The parties married on September 21, 1991, and have two minor daughters, Rebecca, born August 19, 1992, and Gabriela, born October 16, 1993. The Former Wife filed a petition for dissolution of marriage on February 28, 2005, the Former Husband filed a counterpetition, and the trial court conducted the final hearing in November 2005. The Former Wife has not provided a transcript of the final hearing for this court's review, and she acknowledges that no transcript is available.
The final judgment, rendered on January 3, 2006, designates the Former Wife as the primary residential parent and grants liberal visitation to the Former Husband. The judgment notes that one daughter, Rebecca, has "serious physical and mental disabilities." The judgment indicates that while the Former Wife has the ability to be employed, because of the daughter's disabilities the Former Wife's employment opportunities may be somewhat restricted. The trial court found the Former Husband to have a net income of $43,000 per year and imputed $10,000 per year in net income to the Former Wife. The court ordered the Former Husband to pay guideline child support of $1135 per month and awarded to the Former Wife $665 per month in permanent alimony.
The final judgment purports to equitably distribute the parties' assets and liabilities. The Former Wife contends that the trial court erred in failing to value the family business, Naples Envelope & Printing Company, and points out that section 61.075(3)(b), Florida Statutes (2004), requires the trial court to make specific written findings as to the "[i]dentification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset[.]" We note that the trial court did not value any marital assets in the final judgment. In addition, section 61.075(3)(a) requires the trial court to identify the "nonmarital assets and ownership interests[.]" Although a transcript of the proceedings is not available, "the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment." Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998); see also Sugrim v. Sugrim, 649 So.2d 936, 937 (Fla. 5th DCA 1995) (stating that without a transcript or statement of the evidence, an issue concerning evidentiary sufficiency is not reviewable but that "[a]n error which appears on the face of the final judgment" is subject to review).
The final judgment does not explicitly state whether the business is a marital or nonmarital asset but describes it as "the Husband's business" and states that the Former Wife "has a special equity consisting of a one-half (½) interest in the Husband's business known as Naples Envelope & Printing Company." The judgment goes on to award to the Former Wife the right to exclusive use and possession of the parties' marital residence "until such time as the children are emancipated or reside outside of the house. In any event, the *617 right of exclusive possession shall terminate twelve (12) years from the date of this Final Judgment." The judgment then provides as follows:
6. At such time as the Wife's exclusive possession of the marital residence terminates, the parties shall determine the value of the marital residence and the value of Naples Envelope & Printing Company. The Wife shall be given a credit toward the value of the marital residence against the Husband's interest equal to her one-half (½) equity value in the business. Either party may then buy out the other party. Alternatively, the marital residence shall be sold in a customary reasonable manner in which residences are sold in Collier County, Florida, at that time. Upon closing the proceeds shall be distributed in accordance with the equities as set forth herein.
Thus, the trial court ordered the parties to value the two most significant assets on a date up to twelve years after the date of the final judgment of dissolution. We recognize that the trial court has discretion in determining a valuation date, but here that discretion has been abused.
The trial court's failure to value either of these assets as required by section 61.075(3)(b), and its deferring the valuation for up to twelve years, results in an uncertain equitable distribution and one that would be impacted by postdissolution events such as the appreciation or depreciation in the value of the business. For example, the Former Husband could run the business into the ground, leaving the Former Wife with a one-half interest in nothing twelve years from now. Or, through the Former Husband's efforts, the value of the business may be significantly greater in twelve years, allowing the Former Wife to reap an unanticipated and significant benefit. The latter circumstance would improperly allow the Former Wife to share in benefits realized by the Former Husband postdissolution. See Howerton v. Howerton, 491 So.2d 614, 615 (Fla. 5th DCA 1986) (recognizing that the wife was not entitled to one-half of pension benefits to be paid when the husband retired at some time in the future because if the benefits increased, "the wife would be sharing in benefits acquired after the dissolution of the marriage"). Further, section 61.075(5)(a) defines marital assets to include those assets acquired "during the marriage, individually by either spouse or jointly by them[.]" In our view, any postdissolution loss or gain in the value of the Former Husband's business realized over a number of years is not a marital asset.
The Former Husband argues that our record does not show that any evidence was presented regarding the value of the marital home or the business. However, a loan closing statement on a refinancing of the marital home in 2005 reflects a $350,000 market value for the marital residence. The record also contains bank statements and profit and loss statements from the business. In addition, the Former Husband's pre-trial statement refers to documents prepared by a business expert and lists a CPA as a witness. Thus, although we do not know what testimony the parties presented, it appears that the trial court had some evidence before it as to the value of the home and the value of the business.
Therefore, we reverse the equitable distribution and remand for the trial court to comply with section 61.075(3) by: identifying nonmarital assets and ownership interests; identifying the marital assets and liabilities; providing an individual valuation for the significant marital assets; and designating which spouse is entitled to each asset and responsible for each liability. See Harreld v. Harreld, 682 So.2d 635, *618 637 (Fla. 2d DCA 1996) (remanding for the trial court to "make specific findings about the identity and value of all the significant marital assets and liabilities"). Furthermore, if the trial court makes an unequal distribution, it must make specific findings addressing the factors in section 61.075(1)(a)-(j) to support its decision. Id. In addition, we caution the trial court that although the valuation date is in the trial court's discretion, see § 61.075(6), the valuation date should be on or before the date that the trial court enters an amended final judgment on remand.
The Former Wife also argues that the trial court erred in failing to grant her any credit upon sale of the marital home for the mortgage payments that the final judgment requires her to pay. Neither the parties nor the trial court's judgment references section 61.077, which provides as follows:
A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties' settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale.
The statute then lists the factors the trial court should consider in determining the issue.[1]Id.; see also Holitzner v. Holitzner, 920 So.2d 827, 828 (Fla. 4th DCA 2006) (remanding for the trial court to address, in accordance with section 61.077, the issue of whether the wife was entitled to credits or setoffs upon sale of the marital home). Therefore, on remand the trial court shall specifically address credits and setoffs on the sale of the marital residence in accordance with section 61.077.
With respect to child support, the Former Wife contends that the trial court erred in not adjusting upward from the child support guidelines because their daughter, Rebecca, is a severely handicapped child. The trial court found that the Former Husband had a net yearly income of $43,000 and imputed a net yearly income of $10,000 to the Former Wife. The Former Wife does not challenge the imputation of income. The trial court ordered the Former Husband to pay a guideline amount of $1135 per month as child support. Although section 61.30(11)(a)(6) allows a trial court, in its discretion, to increase the guideline amount based on a child's special needs, there must be evidence to support the increased award. See Cifrian v. Cifrian, 715 So.2d 1068, 1071 (Fla. 4th DCA 1998) (reversing child support award and noting that there was "ample evidence showing that the parties have incurred additional expenses in the past in meeting the needs of their handicapped daughter").
Because we have no transcript, we do not know what, if any, evidence the Former Wife presented at the final hearing regarding Rebecca's special needs or potentially justifying an upward adjustment of child support. Further, the Former Wife's petition for dissolution requests child support in accordance with the guidelines and does not specifically seek an increased amount of child support. Her pre-trial statement states that "[h]er current needs for alimony and child support are $4,000 per month." The statement also notes that Rebecca "is mentally disabled and requires special attention"; however, the statement also reflects that she is covered by Medicaid.
*619 The final judgment does not contain a visitation schedule, but it states that the Former Husband "shall have liberal visitation to continue at a minimum of the current visitation schedule of the parties." The judgment also notes "the Husband's expressed willingness and intention to assist with the children to allow the Wife reasonable employment." Thus, it appears that the children are in the Former Husband's care for a significant portion of time.
Because our record does not contain a transcript of the final hearing, we cannot say that the trial court abused its discretion in ordering the Former Husband to pay the guideline amount of child support. However, because we are remanding for reconsideration of the equitable distribution, the trial court may reconsider the child support and alimony awards after it equitably distributes the parties' assets and liabilities.
Finally, the Former Wife contends that the trial court erred in not ordering the Former Husband to pay all of her attorney's fees. Based on our remand of the equitable distribution, we direct the trial court to reconsider on remand the Former Wife's request for fees and costs after it reconsiders the equitable distribution award and the parties' financial resources. See § 61.16(1).
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] Section 61.077, Florida Statutes, was enacted in 1997. See Ch. 97-249, at 4507-08, Laws. of Fla. All the cases that the parties cite on this issue were decided before section 61.077 was enacted.