992 So.2d 856 (2008)
Bessie CARDELLA-NAVARRO, Appellant,
v.
Ralph Lazaro NAVARRO, Appellee.
No. 3D07-1997.
District Court of Appeal of Florida, Third District.
October 1, 2008.
*857 Patricia A. Dempsey; Gerald I. Kornreich, Miami, for appellant.
Elser & Foster-Morales, and Dori Foster Morales, Miami, and Daniel R. Silver, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Bessie Cardella-Navarro appeals the trial court's award of assets and liabilities in the Amended Final Judgment for Dissolution of Marriage and Amended Motion for Determination of Amount of Funds to be Released to former husband. We hold that the trial court exceeded its discretion in determining setoffs or credits upon the sale of the marital home and directing the proceeds of that sale to the former husband and GE Commercial Distribution Finance Corporation because it is inconsistent with section 61.077, Florida Statutes (2008). We further hold that assigning the wife the business liabilities incurred by the husband's primary business is also inconsistent with section 61.075, Florida Statutes. Accordingly, we reverse in part and affirm in part.
The wife, Bessie Cardella-Navarro and the husband, Ralph Lazaro Navarro, were married on December 24, 2000. On May 3, 2005, ten months after their separation, the wife filed a petition for dissolution of marriage. The marriage produced no children, but the wife has three children from a prior marriage. Throughout the marriage, the wife fulfilled the traditional roles of mother and housewife and was not employed, but occasionally assisted the husband by working in his yacht brokerage business. The husband, who has a current bi-weekly income of $1,500, provided the wife and her three children with a very comfortable lifestyle, consistently living above their means and incurring significant debt. In September 2001, the parties purchased a home on Lugo Avenue in Coral Gables, Florida, for $1.9 million. This home became the marital residence.
On September 22, 2006, the trial court entered a Final Judgment for Dissolution of Marriage awarding the husband the business, along with the business debt. In an Amended Final Judgment issued on February 23, 2007, the trial court ordered the sale or partition of the Lugo Avenue property and awarded the wife the expected proceeds from that sale as her equitable distribution.
During the marriage, the husband owned and/or created several business entities. The husband's primary business interest is in Florida Yachts International ("FYI") d/b/a South Florida Yachts-South, Inc., a yacht brokerage business first established in 1997, three years prior to the marriage. FYI is a Florida S Corporation and the husband is its only stockholder. In 2003, the husband's companies entered into an agreement for wholesale financing with GE. The husband is also a guarantor of his companies' financial obligations under the agreement. On April 5, 2006, twenty-one months after the separation, the husband and his companies were notified of a payment default for failure to make payment of $5,862,203.31 when due on March 31, 2006. FYI also owes the State of Florida $211,478.82 for past-due sales taxes, interest and penalties for the period of January 2004 through February 2006.
During post judgment proceedings, GE became a party in this action after the trial court granted its motion to intervene on July 12, 2007. GE alleged that the proceeds of the sale of the Lugo property were collateral under the terms of the Financing Agreement and that GE maintained *858 a superior security interest in the proceeds of the sale. On October 22, 2007, the trial court issued an order granting an Amended Motion for Determination of Amount of Funds to be Released to Former Husband. The trial court determined that the husband was entitled to reimbursement for one-half of the payments he had made on the Lugo property during the separation and divorce proceedings. Consequently, the trial court ordered all of the remaining proceeds of the Lugo property sale ($314,896.65), to be released to the husband and further directed these funds be paid to GE.
The standard of review for a trial court's apportioning assets and liabilities to the parties in a Florida dissolution of marriage proceeding is abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). "A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties' settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale." § 61.077, Fla. Stat. (2008). See also Holitzner v. Holitzner, 920 So.2d 827, 828 (Fla. 4th DCA 2006).
Here, there was no settlement agreement on credits or setoffs. In such a situation, section 61.077 allows the court to consider certain factors in determining the issue of credits or setoffs. The Amended Final Judgment does not reflect that the trial court evaluated any of the factors in section 61.077. The husband argues that the trial court's order was justified under the eighth factor of section 61.077, which provides, "Any other factor necessary to bring about equity and justice between the parties." We decline to read into the Amended Final Judgment such a finding and conclude that the trial court's decision concerning the Lugo property was not within the contemplation of the statute. Consequently, we direct the trial court to award the proceeds of the sale of the Lugo property to the wife.
More problematic was the trial court's decision to award one-half of FYI's business debt to the wife, amounting to approximately $4,694,000. This Court has held that the "equitable distribution of marital assets is presumptively equal, but may be varied if there is good reason to do so." Lozano-Ciccia v. Lozano, 599 So.2d 718, 719 (Fla. 3d DCA 1992). Here, the record reflects that the husband controlled FYI, that the wife was not involved in the business, and that most of the business debt arose after the parties separated. The Second District Court of Appeal held in Yates v. Yates, 577 So.2d 719 (Fla. 2d DCA 1991), that when "determining the equitable distribution of marital assets and liabilities, an element to be considered is the contribution of each spouse to the incurring of liabilities." Id. at 720. See also § 61.075(1)(g), Fla. Stat. (2008).
Here, the trial court found that the husband mishandled the corporate finances. As a result, it would be inequitable for one party, having little or no income, to leave a short-term marriage with the responsibility for paying over $4.5 million of business debt, the benefit of which inured almost exclusively to the other party. Furthermore, because only the husband personally guaranteed the business loan, there was no privity of contract between the wife and the creditor. Consequently, as a result of the distribution of marital liabilities, the trial court effectively bestowed personal liability on the wife for business debt she would otherwise not be personally liable for.
In sum, the trial court exceeded its discretion in determining setoffs or credits upon the sale of the Lugo property and *859 directing the proceeds of that sale to the former husband and GE. In addition, the assignment to the wife of the business liabilities FYI incurred is inconsistent with section 61.075. We decline to address the remaining points on appeal, as we find them to be meritless.
Affirmed in part, and reversed in part.