SILBERMAN, Judge.
 

 Michele C. Mobley (the Wife) appeals a final judgment of dissolution of marriage and alleges error in the equitable distribution award and in the denial of alimony. Brian V. Mobley (the Husband) has not made an appearance in this appeal. Because the trial court made errors apparent on the face of the final judgment, we reverse the final judgment regarding the equitable distribution and alimony provisions and remand for further proceedings.
 

 The parties were married for ten years and have two minor children. The Husband filed a petition for dissolution of marriage on September 30, 2005. The Wife filed a counterpetition that requested rehabilitative alimony. The trial court conducted a final hearing on September 20, 2007, but our record does not contain a transcript of the final hearing. The Wife advised this court that the final hearing was not reported. In the absence of a transcript of the final hearing, this court may review the final judgment for an error of law apparent on the face of the judgment.
 
 Silverman v. Silverman,
 
 940 So.2d 615, 616 (Fla. 2d DCA 2006).
 

 In the final judgment, the trial court noted the Wife’s testimony that the Husband’s employment with both of his employers, the City of Tampa and Sunstar,
 
 *726
 
 began during the marriage and that he had a pension plan, a retirement plan, and a 401K plan. The trial court observed that with respect to the Husband’s City of Tampa tax deferred plan, his pay stub of August 8, 2007, showed “a gross E-T-D figure of $9,810” but the Husband testified that the plan value as of the date of filing (September 30, 2005) was $200. The trial court also noted that the same pay stub showed a gross amount of $13,038.23 for the Husband’s pension plan but that a letter from the plan administrator stated that contributions made through September 30, 2005, were $13,880.24. The trial court did not make any findings reconciling these figures. With respect to a deferred compensation plan with his second employer, the trial court acknowledged the Husband’s testimony that he used the funds from that plan to pay his attorney and to pay for a home study and parenting coordinator.
 

 The court referenced the Wife’s testimony that her retirement plan was accumulated during the marriage. The court also observed that after the action was filed “she received the funds from the account in the net amount of $5,400.00 and used the proceeds to purchase a car which was subsequently totaled.”
 

 The court determined that the Husband had incurred attorney’s fees and costs in this action as well as in other litigation involving the minor children, along with expenses for their mental health care. Based on these factors, the court “offset[ ] the Husband’s retirement plans with the Wife’s depleted retirement plan.” The court then ordered that “the parties shall retain their pension/retirement accounts currently in their name only and the parties shall execute any and all documents to effectuate this provision.”
 

 In the final judgment, the trial court awarded primary residential responsibility of the parties’ two minor children to the Husband and ordered the Wife to pay child support to the Husband. With respect to alimony, the trial court made some findings regarding the Wife’s income and the evidence the Wife presented regarding her rehabilitative plan. The trial court then found, “The Wife is not entitled to an award of alimony for a 10 year marriage.” The trial court stated as an additional reason for the denial of alimony that the Husband’s expenses in caring for the minor children would diminish his ability to pay support to the Wife.
 

 On appeal, the Wife challenges the trial court’s equitable distribution regarding the parties’ pension and retirement plans, which appear to be the parties’ primary marital assets. The Wife also challenges the trial court’s denial of alimony.
 

 EQUITABLE DISTRIBUTION
 

 The Wife contends that the trial court failed to make the required statutory findings with respect to the marital or nonmarital nature of the parties’ pension and retirement plans and the value of the plans.
 
 See
 
 § 61.075(1), (3) Fla. Stat. (2005). She also contends that the trial court arbitrarily and improperly offset the Husband’s retirement plans with the Wife’s depleted plan.
 

 As the final judgment reflects, the trial court failed to designate the Husband’s City of Tampa tax deferred plan and pension plan as marital assets and failed to determine their value as section 61.075(3) requires. Rather, the trial court merely stated the differing valuations presented at trial. The trial court also found that the Wife depleted her retirement plan to purchase a car after the Husband filed the petition. The trial court then offset this depleted plan that had a value of $5400 against the Husband’s plans that appear to have a total value over $14,000.
 

 
 *727
 
 This court addressed the equitable distribution of depleted assets in
 
 Plichta v. Plichta,
 
 899 So.2d 1283, 1286 (Fla. 2d DCA 2005). There, the husband depleted IRAs valued at $57,000 to pay for support, living expenses, and litigation expenses while the dissolution proceedings were pending. This court determined that “[i]t was error for the trial court to include these depleted marital assets in the equitable distribution scheme because the Husband used this sum during the pendency of the dissolution proceedings, and no misconduct was asserted.”
 
 Id.
 
 Here, the court made no finding that the Wife committed misconduct, and it erred in offsetting the Wife’s depleted retirement funds against the Husband’s pension and tax deferred plans that appeared to be the parties’ primary marital assets.
 

 The trial court’s distribution resulted in an unequal distribution in favor of the Husband. Section 61.075(1) provides that the distribution of assets and liabilities should be equal unless there is a justification for an unequal distribution, and section 61.075(3) requires the trial court to make findings addressing the factors in section 61.075(l)(a)-(j). We recognize that when the record contains no transcript, the mere failure to make the required statutory findings under section 61.075 does not require reversal when there is no showing of harmful error.
 
 See Esaw v. Esaw,
 
 965 So.2d 1261, 1265 (Fla. 2d DCA 2007),
 
 review denied,
 
 981 So.2d 1199 (Fla.2008).
 

 Here, however, the trial court stated improper reasoning in the final judgment for the offset, which amounted to an inequitable distribution, and also failed to address the statutory factors. The trial court stated its justification for the offset to be that the Husband incurred attorney’s fees and costs in this action and other expenses relating to the children, including the children’s mental health care. But later in the judgment the trial court ordered that the parties divide the children’s medical expenses that had been previously incurred and paid. The court also reserved jurisdiction to award attorney’s fees and costs.
 

 We conclude that the reasoning provided in the final judgment does not support the inequitable distribution of marital assets. Therefore, we reverse the equitable distribution and remand for the trial court to identify, value, and equitably distribute the parties’ assets and make findings in accordance with section 61.075(1) and (3).
 
 See Silverman,
 
 940 So.2d at 617-18.
 

 ALIMONY
 

 The Wife correctly contends that the trial court committed an error of law in denying her request for alimony, and this error is apparent on the face of the judgment.
 
 See Silverman,
 
 940 So.2d at 616 (recognizing that the appellate court may reverse an error of law on the face of the judgment when the record contains no transcript of the final hearing). The Wife sought rehabilitative alimony, and the trial court made some findings regarding the Wife’s income and the evidence the Wife presented regarding her rehabilitative plan. The trial court then found, “The Wife is not entitled to an award of alimony for a 10 year marriage.”
 

 A ten-year marriage falls within the gray area in which there is neither a presumption for or against alimony.
 
 See Walker v. Walker,
 
 818 So.2d 711, 713 (Fla. 2d DCA 2002) (stating that a twelve-year marriage is in the gray area for which there is no presumption for or against alimony);
 
 Bailey v. Bailey,
 
 617 So.2d 815, 816 (Fla. 2d DCA 1993) (treating eight-year marriage as in the gray area for purposes of alimony);
 
 Kellerman v. Kellerman,
 
 659 So.2d 1390, 1390 (Fla. 3d DCA
 
 *728
 
 1995) (stating the parties’ marriage of less than seven years was a short-term marriage). The trial court erred as a matter of law in denying alimony on the basis that the parties were married for ten years. We reverse and remand for further proceedings on the alimony determination.
 

 For purposes of remand, we point out that the trial court must make factual findings in the final judgment pursuant to section 61.08(1) that address the factors listed in section 61.08(2) to support its alimony decision.
 
 See Williams v. Williams,
 
 923 So.2d 606, 607 (Fla. 2d DCA 2006). This court recognized that in a gray area marriage factual findings are particularly important “because the trial court must make its determination based on an evaluation of the statutory criteria and other pertinent factors without the benefit of a presumption for or against alimony.”
 
 Id.
 
 at 608.
 

 We also note for purposes of remand that alimony is considered first and then factored into the child support determination.
 
 See
 
 § 61.30(2)(a)(9), (3)(g);
 
 Storey v. Storey,
 
 979 So.2d 1057, 1058 (Fla. 2d DCA 2008);
 
 Cornett v. Cornett,
 
 713 So.2d 1083, 1085 (Fla. 2d DCA 1998) (“[I]n citing the enhanced child support award as a basis to deny alimony the trial court has put the cart before the horse.”). The trial court stated as an additional reason for the denial of alimony that the Husband’s expenses in caring for the minor children “would diminish his ability to pay support to the Wife.” The child support guidelines worksheet requires the parents to list their present net monthly incomes.
 
 See
 
 Fla. Fam. L.R.P. Form 12.902(e). The worksheet directs the parents to enter the amount listed in the financial affidavit from Florida Family Law Rule of Procedure Forms 12.902(b) or (c).
 
 Id.
 
 The financial affidavit adds alimony actually received to gross income and deducts alimony actually paid from gross income. Fla. Fam. L.R.P. Form 12.902(b), (c). Thus, alimony a spouse pays or receives is considered in the party’s net income when determining the amount of child support.
 

 We further note that the final judgment is confusing as to the Husband’s income. In the paragraph on child support, the final judgment states that according to the Husband’s financial affidavit, the Husband’s net monthly income is $4237, which the financial affidavit supports. Later in the same paragraph, the final judgment states the Husband’s net monthly income is $1542.26. This discrepancy should be corrected on remand. Further, if alimony is awarded on remand, then it will be necessary to recalculate the child support because the parties’ net incomes will change.
 

 Accordingly, we reverse the equitable distribution and alimony provisions of the final judgment and remand for further proceedings. In all other respects, the final judgment is affirmed.
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA, C.J., and DAVIS, J., Concur.