COPE, J.
(dissenting).
We should reverse the order now before us and remand for entry of a written order clarifying the judgment.
This is an appeal of an order denying a post-judgment motion for enforcement in this dissolution of marriage case.
The amended final judgment is internally inconsistent regarding two pieces of property: (1) a Pinecrest home in which the former wife resided after the parties separated, and (2) the husband’s 16% interest in Victoria Bay Estates, LLC, a limited liability company formed for development of real estate. Neither party had complained about these two pieces of property in the prior appeal in this court. See Cardellar-Navarro v. Navarro, 992 So.2d 856 (Fla. 3d DCA 2008).
With regard to the Pinecrest property, the text of the final judgment stated that the court awarded the property to the wife and that she would be “responsible for the mortgage, insurance and tax payments or expenses commencing on the date of the original final judgment, September 22, 2006.” If it stood alone, this language would make the former wife responsible for the mortgage.
Contrarily, however, the table of assets and liabilities in the same amended final judgment places the home’s estimated equity of $165,500 in the wife’s column and requires the parties to split the mortgage debt 50/50. A liability of $238,326.21 was entered in the wife’s column, and an identical amount in the husband’s column. We are told that the home is presently in foreclosure proceedings.
The wife filed a motion for enforcement, contending that the husband was responsible for 50% of the mortgage. The wife requested entry of judgment in her favor for that amount. The former husband contended that the entry in the liabilities portion of the final judgment was a scrivener’s error and that the former wife is responsible for the entire amount.
With regard to Victoria Bay Estates, the text of the amended final judgment states that the “Wife shall be awarded the amount of $136,000.00 from the value of the Husband’s 16% interest in Victoria Bay Estates, LLC.” The table of assets in the amended final judgment lists Victoria Bay Estates as a marital asset valued at $136,000 and places $136,000 in the wife’s asset column. The wife’s motion for enforcement argued that she was to be given the value of the asset, not the asset, and therefore was entitled to a judgment for *907 $136,000. The former husband argues that because the table of assets in the amended final judgment places the $136,000 value in the wife’s column, it follows that his entire 16% interest in the limited liability company has already been transferred to the wife. That is so, the former husband says, because the table of assets indicates that “[e]ach party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets.”
The trial court took the motion for enforcement under advisement and then entered a simple denial without explanation and without clarification of the judgment. Respectfully, the trial court should have entered an order of clarification.
With regard to the Pinecrest property, I accept the proposition that the trial court is saying that the former wife must be responsible for the Pinecrest mortgage.
However, the issue regarding Victoria Bay Estates cannot be resolved so easily. If we look to the text of the judgment, it states that the former wife will receive a payment of $136,000 from the value of the former husband’s interest in that property. This language suggests, but does not say, that the former wife has a lien of some sort on the husband’s interest in the limited liability company. The former husband insists, however, that the amended final judgment has, by operation of law, already conveyed his interest in the limited liability company to the former wife.
Plainly the parties are entitled to clarification whether the former wife is now the owner of the 16% interest in Victoria Bay Estates, as the former husband argues, or whether the former husband continues to own his interest in Victoria Bay Estates subject to some sort of lien in favor of the former wife.
For the stated reasons, I would reverse the order now before us and remand for entry of a written order of clarification.