STEVENSON, J.
 

 This appeal stems from a final judgment of dissolution of marriage between the appellant, Jon Swergold (“Former Husband”), and appellee, Jill Swergold (“Former Wife”). Both parties challenge findings made by the trial court. We write only to address the error in failing to address Former Husband’s entitlement to credits for expenses associated with the marital home. As to the remaining issues, we affirm.
 

 In regards to the marital home, the final judgment of dissolution of marriage left the parties as tenants in common. Former Wife was to have exclusive possession of the home until the earliest of one year, her abandonment of the home or her remarriage. After that point, the home was to be sold, with the proceeds or obligations divided equally between the parties. Also, after Former Wife’s vacation of the residence, Former Husband was to be responsible for the mortgage, insurance and taxes.
 

 “The standard of review for a trial court’s apportioning assets and liabilities to the parties in a Florida dissolution of marriage proceeding is abuse of discretion.”
 
 Cardella-Navarro v. Navarro,
 
 992 So.2d 856, 858 (Fla. 3d DCA 2008). Section 61.077, Florida Statutes (2008), provides:
 

 A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties’ settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale. In the absence of a settlement agreement involving the marital home, the court shall consider the following factors before determining the issue of credits or setoffs in its final judgment:
 

 (1) Whether exclusive use and possession of the marital home is being awarded, and the basis for the award;
 

 (2) Whether alimony is being awarded to the party in possession and whether the alimony is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;
 

 (3) Whether child support is being awarded to the party in possession and whether the child support is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;
 

 (4) The value to the party in possession of the use and occupancy of the marital home;
 

 (5) The value of the loss of use and occupancy of the marital home to the party out of possession;
 

 (6) Which party will be entitled to claim the mortgage interest payments, real property tax payments, and related payments in connection with the marital home as tax deductions for federal income tax purposes;
 

 (7) Whether one or both parties will experience a capital gains taxable event as a result of the sale of the marital home; and
 

 
 *1150
 
 (8) Any other factor necessary to bring about equity and justice between the parties.
 

 The final judgment does not reference section 61.077 or outline the factors which the trial court used to equitably determine that the Former Husband would not receive any credits for expenses of the marital home for which he was alone made responsible. Thus, remand is necessary for clarification on Former Husband’s entitlement to credits upon sale of the marital home.
 
 See, e.g., Silverman v. Silverman,
 
 940 So.2d 615, 618 (Fla. 2d DCA 2006) (remanding for trial court to address factors in section 61.077 and whether wife was entitled to credits or setoffs upon sale of marital home, where final judgment was silent on matter);
 
 Holitzner v. Holitzner,
 
 920 So.2d 827, 828 (Fla. 4th DCA 2006) (remanding for reconsideration where trial court failed to specify how proceeds from sale of marital home would be distributed and whether wife, as co-tenant, would be entitled to reimbursement for expenses related to the home).
 

 Affirmed and remanded.
 

 MAY, C.J., and GROSS, J., concur.