SLEET, Judge.
Roxany Gonzalez Del Real, the former wife, appeals the final judgment of dissolution of marriage entered on November 1, 2012. She raises two issues on appeal. We affirm the first issue without further comment; however, we write to address the second issue. The former wife argues that the trial court erred in failing to award her a future credit for the expenses she will pay on the taxes, insurance, and maintenance of the parties’ marital home during her exclusive use and possession. Because it is unclear whether the trial court considered the factors set forth in section 61.077, Florida Statutes (2012), we reverse and remand for findings consistent with this opinion.
The final judgment awards the former wife temporary use and possession of the marital residence until the parties’ minor child reaches the age of majority. The final judgment also requires the former wife to pay all taxes and insurance on the marital residence. However, the final judgment is silent as to whether the former wife is entitled to any credits or set-offs on the sale of the home.
Section 61.077 provides, in part:
A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties’ settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale.
The statute then lists the factors the trial court must consider in determining the issue. Because there is no transcript, and because the trial court did not explain its findings after the former wife moved for rehearing, we are unable to determine what factors, if any, the trial court relied upon in addressing the former wife’s entitlement to any credits or setoffs for the payment of taxes, insurance, and maintenance of the parties’ marital home during her exclusive use and possession. Therefore, we remand for the trial court to address the issue of whether the former wife is entitled to any credits or setoffs upon the sale of the marital home. See Silverman v. Silverman, 940 So.2d 615, 618 (Fla. 2d DCA 2006) (remanding for the trial court to address whether the former wife was entitled to credits and setoffs in accordance with section 61.077); Holitzner *443 v. Holitzner, 920 So.2d 827, 828 (Fla. 4th DCA 2006).
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND and KHOUZAM, JJ., Concur.