PER CURIAM.
Guillermo Salazar (“Former Husband”) appeals the amended final judgment dissolving his marriage to Claudia M. Giraldo (“Former Wife”) following trial. Former Husband raises five issues. We agree with Former Husband that the trial court erred in failing to consider whether he is entitled to credits or setoffs for his payment of certain expenses incurred in maintaining the former marital home, owned by the parties, pending the sale of the home. We affirm on all other issues without further discussion.
The amended final judgment directed that the former marital home be immediately placed on the market by the parties and listed for sale at a mutually agreeable price, provided that if the parties could not agree on a price, then the home- would be listed at a “reasonable” price as determined by a 'qualified' real estate professional. Upon the sale of the home, the parties were to equally divide the net proceeds. Pending sale, Former Husband was awarded exclusive use and possession of the home and was ordered to pay: (1) the monthly mortgage payment; (2) the real estate taxes; and (3) “all other financial obligations, pertaining to the home until the home sells.” Former Husband was also directed to keep the home in a “show-ready condition” until it sells.
Former. Husband argues * that the trial court erred in failing to award him credits or reimbursements from the sale proceeds resulting, from his payment of Former Wife’s share of the aforementioned expenses associated with the former marital home. -Section 61.077, Florida Statutes (2015), provides:
A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties’ settlement agreement, final'judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the *249 sale. In the absence of a settlement agreement involving the marital home, the court shall consider, thefollowing factors before determining the issue of credits or setoffs in its final judgment:
(1) Whether exclusive use and possession of the marital home is being awarded, and the basis for the award; ,. .«
(2) Whether alimony is being awarded to the party in possession and whether the alimony is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in-connection with the marital home;
(3) Whether child support- is being awarded to the party in possession and whether the child support is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection ’with the marital home; [1]
(4) The: value to the party in possefesion of the use and occupancy of the marital home;
(5) The value of the loss óf use and occupancy of the marital home to the party out of possession; '
(6) Which party will be entitled to claim the mortgage interest payments, real property tax payments, and related payments in connection with the marital home as tax deductions for federal income tax purposes; ’ [1]
(7) Whether one or both parties will experience a capital gains taxable event as a result of the sale of the marital home; and
(8) Any other factor ■ necessary to bring about equity and justice between the parties.
The amended final judgment is silent as to whether Former Husband is entitled to any credits or setoffs upon'the salé of the. former marital home. Furthermore, the record does not establish that the trial court considered the factors enumerated in section.- 61.077 before 'entering judgment. Under these circumstances, remand is necessary for clarification on..Former Husband’s entitlement, if any, to credits upon the sale of the home. See, e.g., Caine v. Caine, 152 So.3d 860, 862 (Fla. 1st DCA 2014) (remanding for clarification on entitlement to credits regarding marital home when final judgment, was .silent on matter and record did not indicate that trial court considered factors outlined in section 61.077); Swergold v. Swergold, 82 So.3d 1148, 1150 (Fla. 4th DCA 2012) (same); Silverman v. Silverman, 940 So.2d 615, 618 (Fla. 2d DCA 2006) (same).
On remand, the trial court,may take additional evidence on this issue as necessary.
AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings. •
ORFINGER and EDWARDS, JJ., concur.
LAMBERT, J:, concurs, with opinion.

. ■ Florida Rule of Civil. Procedure 1.190(b) provides in pertinent part:
(b) Amendments to conform with the Evidence. When issues not raised by the pleadings are tried by express or . implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be, amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.