DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE R. RHOULHAC,**
Appellant,

v.

**KINS FRANCOIS,**
Appellee.

No. 4D19-1832

[April 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. FMCE08-002928.

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellant.

Jermaine Thompson of Jermaine O'Neill Thompson, P.A., Oakland Park, for appellee.

GERBER, J.

The former wife appeals from the circuit court's final judgment granting with prejudice the former husband's motion to dismiss her supplemental petition to recover an interest in the former marital home. The former wife primarily argues the circuit court erred in not permitting her to amend her supplemental petition to allege the final judgment of dissolution was ambiguous based on its silence as to the marital home's disposition. We agree that the final judgment's silence on this issue made the final judgment ambiguous. Thus, the circuit court erred in not permitting the former wife to amend her supplemental petition. We reverse.

### ***Procedural History***

In 2009, the predecessor circuit court's final judgment addressed the marital home as follows:

> The parties lived in a home that was purchased during the marriage. Only the [former husband's] name is on the mortgage. The former marital home . . . is [marital] property.

. . .

The parties did not present any evidence as to the value of the marital home.

. . .

10.  The [former wife] shall have exclusive use and possession of the [marital] home until the youngest child turns 18.  The [former wife] shall be responsible for all mortgage payments on the marital home. . . . The [former wife] is entitled to credit for half of the payments made to reduce the mortgage [principal].

Significantly, the final judgment ended with the circuit court's statement that it "retains jurisdiction to enforce and modify *and clarify* the terms of this Judgment." (emphasis added).

Nine years later, in 2018, the former wife filed a supplemental petition to recover her interest in the marital home.  The former wife alleged she and the youngest child moved out of the marital home when the child turned eighteen.  The former husband then transferred the marital home by quitclaim deed to his brother, but without notifying the former wife or providing her any compensation.  The former husband's current wife, instead of the former wife, co-signed the deed to his brother, even though the current wife had no conveyable interest in the marital home.  The former wife did not know whether the former husband's brother gave any consideration to the former husband for the marital home's transfer.  However, the marital home was listed for sale at an amount greatly exceeding the mortgage balance when the former wife moved out.

According to the former wife, any marital home sale proceeds should have been split between her and the former husband, in addition to him paying her for half of the mortgage payments which she made after the final judgment of dissolution.

Shortly thereafter, the former wife filed a motion to add the former husband's brother and current wife as third-party defendants based on their roles in the alleged fraudulent transfer of the marital home.

The current circuit court denied the former wife's motion.  The circuit court reasoned that based on the final judgment's language, the former

wife "does not have a legal interest in the property, she only has a legal interest in getting compensation from the [former] husband."

The former husband then filed a motion to dismiss the former wife's supplemental petition. He argued the final judgment of dissolution did not include language indicating the wife would maintain any financial interest in the marital home. Instead, the former husband argued, the only payment which the former wife was entitled to receive under the final judgment was half of the mortgage payments which she made after the final judgment was issued. According to the former husband, the final judgment's silence about the former wife receiving any financial interest in the marital home indicated she was not entitled to any such interest.

At the hearing on the motion to dismiss, the former husband's counsel essentially reiterated the arguments raised in the motion. The former husband's counsel also reminded the circuit court that at the earlier hearing on the former wife's motion to add third-party defendants, the circuit court already had found, based on the final judgment's language, the former wife "does not have a legal interest in the property, she only has a legal interest in getting compensation from the [former] husband."

The former wife's counsel responded that because the final judgment held the marital home was marital property, but was silent as to the marital home's ultimate disposition, the final judgment may be viewed as ambiguous, requiring an evidentiary hearing to resolve the ambiguity.

The circuit court orally ruled it was granting the former husband's motion to dismiss with prejudice. The circuit court, relying on its earlier denial of the former wife's motion to add third-party defendants, found the final judgment unambiguously did not give the former wife any financial interest in the marital home. The circuit court added, "[T]he amended supplemental petition to recover former wife's interest is actually seeking to modify or change the final judgment and the rulings thereon, and I am dismissing that because it fails to state a cause of action that this Court can rule on because equitable distribution is non-modifiable. . . ."

After the circuit court ruled, the former wife's counsel orally moved to amend the supplemental petition to allege the final judgment's ambiguity and then hold an evidentiary hearing to resolve the ambiguity. The circuit court orally denied the motion. The circuit court reasoned the time periods to challenge the final judgment by motion for rehearing or appeal had long expired. The circuit court further indicated it was not in a position to reconsider the evidence presented to the predecessor circuit court in the 2009 trial to determine whether the equitable distribution was proper.

The circuit court entered a written order granting with prejudice the former husband's motion to dismiss the former wife's supplemental amended petition.

This appeal followed. The former wife primarily argues the circuit court abused its discretion in denying her motion to amend her supplemental petition to allege the final judgment of dissolution was ambiguous based on its silence as to the marital home's disposition. Therefore, the former wife argues, the circuit court erred in granting the former husband's motion to dismiss with prejudice.

### *Our Review*

"We review a trial court's ruling on a motion to amend for an abuse of discretion." *Hall v. Hall,* 171 So. 3d 817, 823-24 (Fla. 4th DCA 2015). "Refusal to allow an amendment is an abuse of the trial court's discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." *Id.* at 824 (citation and internal quotation marks omitted).

Applying the foregoing standards of review, we agree with the former wife's argument. Allowing the former wife's proposed amendment would not prejudice the former husband, the former wife has not abused the privilege to amend, and amendment would not be futile.

On the contrary, the amendment is quite necessary. The final judgment's silence as to the marital home's disposition made the final judgment ambiguous on that issue. The final judgment lacked the specific determinations required for the disposition of a marital home under sections 61.075 and 61.077, Florida Statutes (2009).

Section 61.075(3) provides, in pertinent part:

> (3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). *The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following*:

4

(a) Clear identification of nonmarital assets and ownership interests;

(b) Identification of marital assets, *including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;*

(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;

(d) *Any other findings necessary to advise the parties <u>or the reviewing court</u> of the trial court's rationale for the distribution of marital assets and allocation of liabilities.*

§ 61.075(3), Fla. Stat. (2009) (emphasis added).

Further, section 61.077 provides:

A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties' settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale. *In the absence of a settlement agreement involving the marital home, the court shall consider the following factors before determining the issue of credits or setoffs in its final judgment*:

(1) Whether exclusive use and possession of the marital home is being awarded, and the basis for the award;

(2) Whether alimony is being awarded to the party in possession and whether the alimony is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;

(3) Whether child support is being awarded to the party in possession and whether the child support is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;

(4) The value to the party in possession of the use and occupancy of the marital home;

(5)  The value of the loss of use and occupancy of the marital home to the party out of possession;

(6)  Which party will be entitled to claim the mortgage interest payments, real property tax payments, and related payments in connection with the marital home as tax deductions for federal income tax purposes;

(7)  Whether one or both parties will experience a capital gains taxable event as a result of the sale of the marital home; and

(8)  Any other factor necessary to bring about equity and justice between the parties.

§ 61.077, Fla. Stat. (2009).

This case is very close to our opinion in *Holitzner v. Holitzner*, 920 So. 2d 827 (Fla. 4th DCA 2006).  In *Holitzner*, the trial court, pursuant to section 61.075, sought to divide the marital assets equally and allow the wife to live in the marital home until the children were emancipated.  *Id.* at 828.  However, it was unclear how the proceeds from the marital home were to be distributed once the home was sold, and if the former wife was entitled to reimbursement as a co-tenant for all expenses relating to the home that she incurred during the period of her exclusive possession.  *Id.* After citing section 61.077, we remanded to the trial court to address the issue of whether the wife was entitled to any credits or set-offs upon the marital home's sale.  *Id.*

Similarly here, the final judgment neither valued the marital home under section 61.075, nor determined how the proceeds from the marital home were to be distributed once the home was sold under section 61.077, including consideration of the former wife having lived in the marital home until the parties' youngest child turned eighteen.  Thus, we must remand for the circuit court to permit the former wife to amend her supplemental petition to allege the final judgment's ambiguity as to the marital home's disposition, so the circuit court may value the marital home under section 61.075(3) and apply the section 61.077 factors to determine whether the former wife was entitled to any credits or set-offs upon the marital home's sale.

We disagree with the circuit court's statements that equitable distribution is non-modifiable, especially when the time periods to challenge the final judgment by motion for rehearing or appeal had long expired.  As stated above, the circuit court which entered the final

6

judgment "retain[ed] jurisdiction to enforce and modify *and clarify* the terms of th[e] Judgment." (emphasis added). Even without the reservation of jurisdiction, "[w]here terms of a final judgment are ambiguous *as applied to facts developing after the judgment*, a court may clarify what is implicit in the judgment, and enforce the judgment. A clarification seeks to make a judgment clearer and more precise, as opposed to a modification, which seeks to change the status quo and alter the rights and obligations of the parties." *Bustamante v. O'Brien*, 286 So. 3d 352, 355 (Fla. 1st DCA 2019) (emphasis added; internal brackets, citations, and quotation marks omitted).

Further, contrary to the circuit court's concern, reconsideration of all the evidence presented to the predecessor judge in the 2009 trial is not required. Rather, the circuit court may accept the predecessor circuit court's findings not related to the marital home, and merely reopen the evidence as to facts related to the marital home. *See Wright v. Wright*, 135 So. 3d 1142, 1146 (Fla. 5th DCA 2014) ("[W]e remand for the purposes of clarification and making factual findings as to those factors not addressed originally. However, the trial court may, within it[s] broad discretion, reopen the evidence if it deems it necessary to address the issues remanded.").

Based on the foregoing, we reverse the circuit court's order granting the former husband's motion to dismiss the former wife's supplemental petition. We remand for the circuit court to grant the former wife's motion to amend the supplemental petition to allege the final judgment's ambiguity as to the marital home's disposition, so the circuit court may value the marital home under section 61.075(3) and apply the section 61.077 factors to determine whether the former wife was entitled to any credits or set-offs upon the marital home's sale.

*Reversed and remanded for proceedings consistent with this opinion.*

GROSS and MAY, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**